STATE, Respondent, v. TALLAKSON, Appellant.

(207 N. W. 158.)

(File No. 5862. Opinion filed February 8; 1926.)

**Witnesses—Criminal Law—Rape—Appeal and Error—Trial—Exclusion of Evidence Affecting Truthfulness of Prosecutrix's Testimony Held Reversible Error.**

In prosecution for statutory rape, which prosecutrix testified occurred during a dance which she and defendant attended, exclusion of evidence that another than defendant was with prosecutrix at time and place involved, offered to show falsity of prosecutrix's testimony, held reversible error.

Appeal from Circuit Court, Roberts County; Hon. J. J. BATTERTON, Judge.

Clarence Tallakson was convicted of statutory rape, and he appeals. Reversed.

*Babcock & Babcock,* of Sisseton, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

MORIARTY, C. The appellant was convicted of statutory rape. The prosecutrix testified that the act took place while she and the defendant were in attendance at the dance at the Sisseton Agency, during the Indian Fair. She testified that after dancing with defendant, and taking refreshments with him, they walked together to a place at some distance from the dance hall, that the act of intercourse took place at that secluded spot, and that they then returned to the dance hall. She said that she estimated the time that she and defendant were absent from the dance hall together was about an hour; that the dance was still going on when they returned; that she saw defendant dance twice after their return; but that she did not dance after their return. And she testified that she only went away from the dance once that night, that she went away with the defendant and came back with him, and that she was not out walking with any one else that night. And she testified that when she came back to the dance she found Blanche Bubak there, sitting on one of the seats where people who were not dancing were seated, and she further testified that when she left the dance Blanche Bubak came with her.

The only evidence tending to corroborate prosecutrix is the admission that both she and defendant were in attendance at the dance in question, and that ,while he was in California, several months before this dance, he had written her two postal cards.in which he addressed her as "Dear Aggie" and signed, "Love C. T.," and in one of which he said, "Wish you and Effie were here;" Effie being a cousin of prosecutrix to whom defendant had paid some attentions before he went to California. Defendant denied the act with which he was charged, denied that he had taken refreshments with her, or danced with her, or walked with her, or left the dance hall with her. He testified that he met another young lady at the dance by appointment; that he spent the entire evening in company with this young lady and some other young

people of their acquaintance; that this group of young people, including defendant, but not including prosecutrix, sat together at a certain place in the dance hall; and that each of the members of the group returned to that part of the room after each dance. And he testified that he was not absent from the building in which the dance was held at any time after he arrived there until he and the young lady on whom he was in attendance went home in company with other members of their party.

The young lady above mentioned testified to her meeting defendant at the dance by appointment, and to his attendance upon her during the evening. She testified that defendant was not absent from the dance hall from the time of his arrival until he left for home, in her company. She says she would have noticed it if defendant had been absent from the hall, that she saw him during every intermission of the dance, and she says that defendant did not dance with the prosecutrix that night, and that she would have noticed it if he had done so.

The other members of the party testified to practically the same facts as to defendant's spending his time with them during the dance, and not being absent from the hall for any considerable length of time.

As further rebuttal of the story told by prosecutrix, the defense put on the stand one Blanche Bubak, a young lady who came to the dance with prosecutrix and went home with her. To most of the questions propounded to this witness by the defense objections were sustained. After the sustaining of these objections, the defense made several offers of proof, wherein it was proposed to show by the evidence of Blanche Bubak that she and the prosecutrix came to the dance together; that they did not come with the brother of this witness, as prosecutrix testified, but came with two other young men; that they were not taken home by the brother of this witness, as the prosecutrix had testified, but were taken home by two young men other than those who had brought them there; that at about midnight of that night she missed prosecutrix from the dance hall and searched for her there, found that she was not there, and watched for her return; that she remained at the dance until the dance was over, for the purpose of meeting the prosecutrix to go home with her, and, after the dance was over, and the prosecutrix had not returned,

the witness went to the entrance of the fairgrounds; and that shortly after she reached the entrance the prosecutrix returned, walking with one of the young men who accompanied the prosecutrix and this witness to their home; and that prosecutrix did not return in company with the defendant but in company of the other young man above mentioned. This evidence was objected to as incompetent, irrelevant, and immaterial, and the trial court sustained the objection and rejected the offer. This action of the trial court is assigned as error.

While much of the evidence offered was immaterial, the question as to where the defendant and the prosecutrix were, at about midnight of the night in question, is quite material. The prosecutrix testified that she was in the company of the defendant all the time she was away from the dance hall that night; that she and the defendant returned together before the dance ended; that defendant danced afterward; and that she did not walk with any one except the defendant that night. She says that they were absent from the dance together for about an hour. She says that they went away from the dance floor together at about midnight. By the evidence offered and rejected, as above stated, the defense proposed to show that from about midnight until after the dance ended the defendant's witness was watching for the return of the prosecutrix to the dance hall, that during that time the prosecutrix did not return, and that, when she did return to the entrance gate, she returned with another young man and not with the defendant. The question whether the prosecutrix was with defendant or with some one else between midnight and the time she returned to the company is not a question of excusing defendant because of the relations of prosecutrix with other men. It is a question whether she told the truth when she testified that she spent that time in defendant's company, or defendant told the truth when he testified that he was not with her outside the dance hall at any time that night.

The evidence offered and rejected was material, at least in so far as it related to the person who was with prosecutrix at the particular time when she says defendant was with her.

The rejection of the offer was reversible error on the part of the learned trial court and the judgment and order appealed from are reversed.

Note.—Reported in 207 N. W. 158.   See, Headnote, Witnesses, Key-No. 406, 40 Cyc. 2765, 2778.